THE PEOPLE *ex rel.* ROBERT F. A. STOCKE, State's Attorney, Plaintiff-Appellee, *v.* 11 SLOT MACHINES *et al.*, Defendants-Appellants.—(THE DEPARTMENT OF LAW ENFORCEMENT, Intervenor-Appellant.)

Fifth District   No. 79-201

Opinion filed December 28, 1979.

William J. Scott, Attorney General, of Springfield (Donald B. MacKay and Steven J. Teplinsky, Assistant Attorneys General, of counsel), for appellants.

Robert F. A. Stocke, State's Attorney, of Louisville, for appellee, *pro se.*

Mme JUSTICE SPOMER delivered the opinion of the court:

This appeal raises the question of the proper disposition of slot machines, which have been used in the commission of the crime of gambling and thus are contraband, but which, as antiques, may be capable of lawful use.

On October 20, 1978, the Illinois Department of Law Enforcement conducted gambling raids at two locations in Flora, Illinois. As a result of the raids, 11 slot machines and other gambling paraphernalia, including money changers and currency, were seized. Subsequently, certain employees of the raided establishments were charged with gambling and

pleaded guilty to the charges. Their convictions were related to the use, and not mere possession, of the slot machines.

On November 13, 1978, the State's Attorney of Clay County filed a complaint pursuant to section 28—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, par. 28—5), requesting a declaration that the seized gambling devices be declared contraband and ordering that the Illinois Department of Law Enforcement deliver the devices to him "for destruction or liquidation or both by the State's Attorney as provided by law." The court entered an order finding the items seized in the raid to be contraband, ordering the devices to be turned over to the State's Attorney for destruction or liquidation, and finding the seized slot machines to be more than 25 years old, and therefore antiques.

Pursuant to the court's order, the Department of Law Enforcement, still in possession of the slot machines, filed a motion for clarification and modification of the order, which was denied. The State's Attorney then filed a supplemental petition, asserting that since the slot machines were antiques, they were not subject to destruction, and praying that he be given authority to sell the machines. An order was entered on December 11, 1978, authorizing the State's Attorney to sell the machines at a public sale.

At this point, the Department of Law Enforcement, which retained possession of the slot machines, petitioned for and was granted leave to intervene. It then refiled a motion to clarify and modify the order, seeking that the court delete language of the order which permitted the sale of the contraband. The court denied this motion, but issued a stay of its order pending appeal.

The statutes in effect at that time pertaining to gambling, defenses to gambling, and the seizure of gambling devices and funds, sections 28—1 and 28—5 of the Criminal Code of 1961 (Ill. Rev. Stat. 1977, ch. 38, pars. 28—1, 28—5) contained no reference to "antique slot machines." Such provision was added by the legislature by amendment effective January 1, 1979. As relevant to this appeal, the amended section 28—1 provides in part as follows:

"(b) Participants in any of the following activities shall not be convicted of gambling:

\* \* \*

(7) Possession of an antique slot machine that is neither used nor intended to be used in the operation or promotion of any unlawful gambling activities or enterprise.
For the purpose of this subparagraph (b)(7), an antique slot machine is one manufactured 25 years ago or earlier." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 28—1.)

Section 28—5, as amended, provides in part as follows:

"(a) Every gambling device *which is incapable of lawful use* is contraband and shall be subject to seizure, confiscation and destruction by any municipal, or other local authority, within whose jurisdiction the same may be found. As used in this Section, a '*gambling device which is incapable of lawful use' includes any slot machine*, and includes any machine or device constructed for the reception of money or other thing of value and so constructed as to return on chance to the player thereof money, property or a right to receive money or property.

(b) Every gambling device shall be seized and forfeited as contraband to the county wherein such seizure occurs. Any money or other thing of value integrally related to acts of gambling shall be seized and forfeited as contraband to the county wherein such seizure occurs.

(c) If, within 60 days after any seizure pursuant to subparagraph (b) of this Section, a person having any property interest in the seized property is charged with an offense, the court which renders judgment upon such charge shall, within 30 days after such judgment, conduct a forfeiture hearing to determine whether such property was contraband at the time of seizure. Such hearing shall be commenced by a written petition by the State, including material allegations of fact, the name and address of every person determined by the State to have any property interest in the seized property, a representation that written notice of the date, time and place of such hearing has been mailed to every such person by certified mail at least 10 days before such date, and a request for forfeiture. Every such person may appear as a party and present evidence at such hearing. The quantum of proof required shall be a preponderance of the evidence, and the burden of proof shall be on the State. *If the court determines that the seized property was contraband at the time of the seizure, an order of forfeiture and disposition of the seized property shall be entered: a gambling device shall be received by the State's Attorney, who shall effect its destruction, except that valuable parts thereof may be liquidated and the resultant money shall be deposited in the general fund of the county wherein such seizure occurred; money and other things of value shall be received by the State's Attorney and, upon liquidation, shall be deposited in the general fund of the county wherein such seizure occurred. However, in the event that a defendant raises the defense that the seized slot machine is an antique slot machine described in subparagraph (b)(7) of Section 28—1 of this Code and therefore he is exempt from the charge of a gambling activity participant, the seized antique slot machine shall*

*not be destroyed or otherwise altered until a final determination is made by the Court as to whether it is such an antique slot machine.* Upon a final determination by the Court of this question in favor of the defendant, *such slot machine shall be immediately returned to the defendant.* Such order of forfeiture and disposition shall, for the purposes of appeal, be a final order and judgment in a civil proceeding." (Emphasis added.) Ill. Rev. Stat., 1978 Supp., ch. 38, par. 28—5.

The instant case raises an issue not explicitly covered by the statutory amendment: Whether antique slot machines, which have been used in the commission of gambling and are therefore subject to seizure without return to the defendants, are *per se* contraband which must be destroyed, or are merely derivative contraband, capable of lawful use, and which, therefore, may be sold by the State's Attorney at public sale.

■■ *Per se* contraband consists of objects, the possession of which, without more, constitutes a crime, while derivative contraband is forfeitable only because of its use in criminal activity. (*People v. Steskal* (1973), 55 Ill. 2d 157, 159, 302 N.E.2d 321, 323; *People v. Mota* (1975), 27 Ill. App. 3d 982, 985, 327 N.E.2d 419, 421.) Section 28—5 does not make the nature of the slot machines in the instant case immediately apparent.

The statute first provides that "every gambling device which is incapable of lawful use is contraband and shall be subject to seizure, confiscation and destruction" and that "a 'gambling device which is incapable of lawful use' includes any slot machine." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 28—5(a).) This segment of the statute seems to conclude that the machines in the instant case are "incapable of lawful use," contraband *per se*, and that therefore they must be destroyed.

However, the same paragraph reveals that an antique slot machine is capable of lawful use, if merely possessed as an antique. While it establishes that an antique machine must be returned to the defendant if he asserts that it is not used for gambling purposes, the statute makes no mention of the proper disposition of antique machines where, as here, the antique machines have been used for gambling and are subject to forfeiture.

The Department of Law Enforcement asserts that the antique machines, like any other slot machines, are subject only to "destruction, except that valuable parts thereof may be liquidated." (Ill. Rev. Stat., 1978 Supp., ch. 38, par. 28—5(c)). On the other hand, the State's Attorney argues that the machines, valuable and legal as antiques, are to be treated as "money and other things of value" which, by the statute, "shall be received by the State's Attorney and, upon liquidation, shall be deposited in the general fund of the county wherein such seizure occurred." Ill. Rev. Stat., 1978 Supp., ch. 38, par. 28—5(c).

The issue thus breaks down to a question of statutory interpretation. The primary emphasis in interpreting any statute is to ascertain and give effect to the intent of the legislature. (*People v. Scott* (1974), 57 Ill. 2d 353, 358, 312 N.E.2d 596, 599.) In so doing, consideration must be given not only to the language of the statute, but also the evil to be remedied by it, and the objective to be attained. *People v. Dednam* (1973), 55 Ill. 2d 565, 568, 304 N.E.2d 627, 629.

■■ In this instance, the entire thrust of the statute is to prohibit gambling as "an activity detrimental to the best interests of society, primarily because of the evil consequences which accompany it." (Ill. Ann. Stat., ch. 38, par. 28—1, Committee Comments, at 188 (Smith-Hurd 1977).) In so doing, the legislature has determined that gambling implements and apparatus are " 'pernicious and dangerous to public welfare.' " (*People v. Moore* (1951), 410 Ill. 241, 247, 102 N.E.2d 146.) Thus, even possession of gambling devices, without proof of their use in gambling, is looked upon with disfavor:

> "[T]he object of this statute was 'not only to suppress the use of these gambling devices or the keeping of them for gambling purposes, but also to prohibit the ownership or the keeping of them, whether for gambling purposes or not, * * * . The purpose of the statute seems to be not only to prohibit the mere use, but to suppress such devices altogether * * * .'" *People v. McDonald* (1962), 26 Ill. 2d 325, 329, 186 N.E.2d 303, 305.

Since the suppression of the devices themselves is so much a part of the legislature's intent, the supreme court has found such intent, even where the terms of the prevailing statute were ambiguous. *Bobel v. People* (1898), 173 Ill. 19, 25, 50 N.E. 322, 323.

It is apparent, of course, that the attitude toward slot machines more than 25 years old, and the legislature's intent in their regard as expressed by the amended statute, has changed. It is also apparent that the position of the State's Attorney herein, in desiring to sell the machines as antiques and retain the proceeds in the county treasury, is understandable. The seized slot machines are undoubtedly valuable, and lawful ownership of them is possible under certain circumstances. The State's Attorney's desire to liquidate them most profitably merely reflects good stewardship on behalf of his constituents.

■■ However, while the antique slot machines can be possessed legally under the new statute, the nature of the machines is not like that of money, which may also be contraband in some cases. Money is inherently legal and is therefore not an item whose possession alone constitutes a criminal offense, and it is thus not contraband unless used in an unlawful manner. (*People v. Snyder* (1977), 52 Ill. App. 3d 612, 614, 367 N.E.2d 752, 754.) Furthermore, the possession of money does not "frustrate public

policy against the possession of such items." (*People v. Mota* (1975), 27 Ill. App. 3d 982, 985, 327 N.E.2d 419, 421.) The same cannot be said of the antique slot machines. Gambling devices are, by their nature, inherently illegal in Illinois, subject to a narrow exception, and possession of them, whether antique or not, would tend to frustrate public policy, to a greater or lesser extent. Thus, the statutory exception which provides for legal possession in limited cases must be construed narrowly, in accord with the legislative intent regarding gambling.

Moreover, this court is limited by rules of statutory construction in this case. Since courts lack legislative powers, we are not permitted to add words to a statute to change its meaning. (*People v. Community High School District No. 128* (1964), 50 Ill. App. 2d 445, 452, 200 N.E.2d 609, 613.) The statute cannot be construed so as to contravene its express provisions (*Rosewood Corp. v. Transamerica Insurance Co.* (1974), 57 Ill. 2d 247, 254, 311 N.E.2d 673, 676), and we will not interject provisions not found in the statute, however desirable or beneficial they may be. *Droste v. Kerner* (1966), 34 Ill. 2d 495, 504, 217 N.E.2d 73, 79.

■■■ Amended sections 28—1 and 28—5 provide for the legal ownership of antique slot machines that are neither used nor intended to be used in any unlawful gambling activity, but such legal ownership is asserted by statute only as a defense to the charge of gambling, or a related offense. In this case no defendant alleged to have a property interest in the slot machines asserted as a defense to the charge of gambling that the slot machines were in fact antiques and had not been used, and were not intended to be used, for unlawful gambling activity. The statute makes no provision for legal ownership once the machines have, in fact, been used in illegal gambling, and thus determined to be contraband. Rather, by statute, *any* seized slot machine is a "gambling device which is incapable of lawful use," and the State's Attorney must "effect its destruction, except that valuable parts thereof may be liquidated." We must give these provisions their plain and obvious meaning, and it is the legislature's function to provide for any other lawful disposition of the seized slot machines.

This case is accordingly reversed and remanded, with directions for the circuit court to order disposition of the seized contraband in a manner not inconsistent with this opinion.

Reversed and remanded

JONES, P. J., and KARNS, J., concur.