THE PEOPLE *ex rel.* L. PATRICK POWER, State's Attorney of Kankakee County, Plaintiff-Appellee, *v.* ONE 1979 CHEVROLET CAMARO (MITCHELL FRANCOEUR), Defendant-Appellant.

Third District    No. 80-518

Opinion filed April 30, 1981.

110

Joseph R. Yurgine and William E. Eaken, both of Kankakee, for appellant.

L. Patrick Power, State's Attorney, of Kankakee (John X. Breslin and Gary F. Gnidovec, both of State's Attorneys Appellate Service Commission, of counsel), for appellee.

Mr. JUSTICE ALLOY delivered the opinion of the court:

Appeal is taken from a judgment of the Circuit Court of Kankakee County ordering the forfeiture of a Chevrolet Camaro automobile owned by Mitchell Francoeur. The forfeiture was undertaken pursuant to the Illinois forfeiture act (Ill. Rev. Stat. 1979, ch. 38, par. 36—1). On appeal, the appellant contends that section 409 of the Illinois Controlled Substances Act (Ill. Rev. Stat. 1979, ch. 56½, par. 1409) bars maintenance of the forfeiture action. Section 409 provides that a "conviction or acquittal under the laws of the United States or of any state relating to controlled substances, for the same act is a bar to prosecution in this State."

The record discloses that on October 19, 1979, Francoeur was arrested by agents of a joint task force of State and Federal officers following a controlled purchase of 20 ounces of cocaine. At the time of his arrest, Francoeur's 1979 Chevrolet Camaro automobile was seized by the State agents. Thereafter, Francoeur was charged in both Federal and State indictments with various charges relating to possession and distribution of cocaine. The forfeiture action was also commenced to forfeit the 1979 Chevrolet Camaro to the State.

Francoeur pleaded guilty to the Federal indictment charging that he willfully and knowingly conspired with others to distribute cocaine, a controlled substance, in violation of 21 U.S.C. §841(a)(1) (1976). Following the acceptance by the Federal court of this plea, the State moved and was granted a *nolle prosequi* as to the State indictment. The State elected to proceed with the forfeiture action.

Francoeur filed an answer and a motion to dismiss based in part on

the contention that the forfeiture was barred by the Federal court action. The motion to dismiss was denied, and, following a hearing, the trial court ordered the automobile forfeited.

The appellant contends that the forfeiture action imposes a penalty and is, therefore, barred by section 409 of the Illinois Controlled Substances Act. The State points out that the vehicle was used in the drug transaction which formed the basis for the charges placed against Francoeur. The State also points out that the respondent has waived the instant claim, now raised for the first time on appeal. The motion to dismiss the forfeiture proceeding alleged two grounds: (1) that the forfeiture statute here involved deprived the owner of his property without due process of law and was, therefore, unconstitutional; and (2) that the forfeiture action instituted in the State court would be tantamount to additional sentencing that was not contemplated by the Federal court following the owner's guilty plea.

The State points out, also, that although Francoeur claimed that the motion to dismiss was based in part on the fact that the forfeiture was barred by the Federal court judgment, no such position was actually advanced in the trial court. The State also asserts that appellant's contention that a forfeiture would be tantamount to additional sentencing not contemplated by the Federal court was in no way similar to the contention raised on appeal, that, pursuant to section 409, the forfeiture proceeding was barred as a result of the Federal conviction. The State contends that the defendant has waived the particular issue now asserted for the first time on appeal.

■■ The issue before us is whether section 409 bars the forfeiture action. The State contends that the forfeiture action was not barred by section 409 (Ill. Rev. Stat. 1979, ch. 56½, par. 1409), to which we have referred. We agree. We note that principal emphasis in interpreting any statute is to ascertain and give effect to the legislative intent. (*People v. Scott* (1974), 57 Ill. 2d 353, 312 N.E.2d 596, 599.) Consideration, it is pointed out, must be given not only to the language of the statute, but also to the evil to be remedied by it and the objective to be attained. (*People v. Dednam* (1973), 55 Ill. 2d 565, 304 N.E.2d 627, 629.) A reviewing court is limited by rules of statutory construction and is not permitted to add words to a statute or change its meaning, nor can a statute be construed so as to either contravene its express provision or to interject provisions not found in the statute, however desirable or beneficial they may be. *People ex rel. Stocke v. 11 Slot Machines* (1979), 80 Ill. App. 3d 109, 399 N.E.2d 305.

Section 409 is limited strictly to criminal prosecutions and thus is simply not applicable to the situation in the instant case. Section 409 is contained in the violation and penalties area of the Illinois Controlled Substances Act, which outlines the various criminal violations and penal-

ties relating to controlled substances. That section precludes the "prosecution" of a defendant on a "controlled substances charge" when that charge is based on the "same act" for which defendant has already been "convicted or acquitted" in either a Federal or sister State court.

Obviously, therefore, the "prosecution," as contemplated by the legislature, in enacting section 409, refers solely to a criminal action, the purpose of which is to determine the guilt or innocence of the accused. The objective to be attained by section 409 is the prevention of multiple criminal drug prosecutions against an accused in Illinois which would be based upon the same criminal conduct for which the accused had already been convicted or acquitted in either a Federal or other sister State court. The double prosecution of an accused in more than one jurisdiction is the evil sought to be remedied by the particular provision (section 409).

■■■ The forfeiture proceeding, however, is an *in rem* action against the item used in commission of an offense. (*People ex rel. Carey v. 1976 Chevrolet Van* (1979), 72 Ill. App. 3d 758, 391 N.E.2d 137.) The forfeiture is considered civil in nature, with the result that the State need only prove its right to the property by a preponderance of the evidence rather than beyond all reasonable doubt. (*People v. Snyder* (1977), 52 Ill. App. 3d 612, 367 N.E.2d 752; *People v. Moore* (1951), 410 Ill. 241, 102 N.E.2d 146.) Under the statutes governing forfeiture proceedings against items used in commission of crimes, the trial court does not examine the issue of guilt or innocence, but only determines whether the particular item in question was used in the commission of the offense. (Ill. Rev. Stat. 1979, ch. 38, par. 36—1; *People v. Fulton* (1979), 68 Ill. App. 3d 915, 386 N.E.2d 605.) A forfeiture statute is not dependent upon a prior conviction. *People ex rel. Hanrahan v. One 1965 Oldsmobile* (1972), 52 Ill. 2d 37, 284 N.E.2d 646, *rev'd on other grounds per curiam sub nom Robinson v. Hanrahan* (1972), 409 U.S. 38, 34 L. Ed. 2d 47, 93 S. Ct 30.

Upon analysis of the statute, it is obvious that section 409 does not bar the instant forfeiture proceeding. Even though the same criminal acts, to which defendant pleaded guilty in the Federal court, formed a connecting link between the automobile and the forfeiture proceeding, the prohibition of section 409 does not reach the forfeiture action of section 36—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 36—1). As we have noted, the prosecution as contemplated by section 409 deals strictly and exclusively with the determination of an accused's guilt or innocence, whereas forfeiture does not involve any such considerations. A forfeiture proceeding merely determines if the item in question was used in commission of a criminal offense, so as to make that item subject to forfeiture and to establish the State's entitlement to that particular piece of property. Therefore, the purpose and scope of section 409 of the Illinois Controlled Substances Act does not preclude a forfeiture pro-

ceeding under section 36—1 of the Criminal Code of 1961. The legislative policy behind forfeiture statutes is that forfeiture of vehicles is permitted in order to repress certain types of crimes when such vehicles are used in the commission thereof. *People ex rel. Carey v. 1976 Chevrolet Van* (1979), 72 Ill. App. 3d 758, 391 N.E.2d 137.

■■ We, therefore, conclude that the forfeiture proceeding from which this appeal is taken, was not barred by section 409 of the Illinois Controlled Substances Act. The judgment of the Circuit Court of Kankakee County is affirmed.

Affirmed.

STOUDER and HEIPLE, JJ., concur.