THE PEOPLE *ex rel.* MARSHALL E. DOUGLAS, State's Attorney, Rock Island County, Plaintiff-Appellant, v. ONE 1984 TOYOTA SUPRA VEHICLE, Registration Number JT2MA67L5EO117591, Title Number P4343504, *et al.*, Defendants-Appellees.

Third District    Nos. 3—90—0013, 3—90—0014 cons.

Opinion filed September 5, 1990.

HEIPLE, P.J., concurring in part and dissenting in part.

Marshall E. Douglas, State's Attorney, of Rock Island (Gary F. Gnidovec and John X. Breslin, both of State's Attorneys Appellate Prosecutor's Office, of counsel), for appellant.

Michael L. Wassell, of Braud/Warner, Ltd., of Rock Island, for appellee.

JUSTICE SCOTT delivered the opinion of the court:

Two complaints for forfeiture of property were filed and consolidated, one against a 1984 Toyota Supra automobile and the other against $14,705, a cellular telephone, an Archer adapter, and a cellular telephone charger stand. (Ill. Rev. Stat. 1989, ch. 38, par. 36—1; ch. 56½, par. 1505.) All of the items were said to have been owned by the defendant, Wayland Clay, Jr. Following a hearing on the complaints, the trial court denied the forfeitures. The State appeals. We affirm in part and reverse in part.

The record shows that Officer Richard Fristoe testified at the forfeiture hearing that he was involved with the defendant's arrest for possession of cocaine. On May 2, 1989, he was informed about a possible narcotics transaction in progress at a residence located at 1711 Eighth Street. While conducting surveillance of the residence, he saw a 1984 Toyota Supra automobile parked at the home. Thereafter, he saw the defendant exit the house, enter the Toyota, and leave the area at a high speed.

Following a chase, the defendant stopped his vehicle and upon exiting the car began throwing items from his pants pockets to the ground. Officer Fristoe recovered two items containing a white powdery substance which field-tested positive for the presence of cocaine. Upon searching the car, he found on the floor of the passenger side a white powdery substance which also field-tested positive for the presence of cocaine. He observed a similar white powdery substance on the passenger seat, on the center console between the bucket seats, on a cellular telephone and recharger, on an electronic scale, and on a black purse found on the passenger seat.

Regarding the black purse, Officer Fristoe testified that it contained a package of Joker-brand rolling papers and $14,705 in cash. He stated that most of the cash was in $10 and $20 bills along with a few $100 bills. He did not prepare a checklist setting forth the particular denominations of the bills.

Officer Ronald D. Tacey testified that he was involved in the subsequent investigation relating to the defendant's arrest. He stated that he executed a search warrant on a residence located at 1606 14th Street in Rock Island. Both the defendant and his mother lived there. Tacey testified that several items were seized, including a note with telephone numbers and different dollar amounts written on it.

The defendant testified and admitted that the automobile, cellular telephone, and recharger were his. He stated, however, that the money was not his and instead belonged to his mother. He stated that the reason he had the money was to wire $5,000 to his brother in

Florida and to send the rest to his mother, who was in Oklahoma at the time.

He further testified that his mother had approximately $22,000 in cash at their home. She had instructed him to send $5,000 of it to Florida to help her son. He had taken what he thought was about half the money, placed it in the purse, and returned the other half to its normal hiding place. He stated that the money was in $100 and $50 denominations only.

Regarding the cellular telephone and its attachments, the defendant denied buying them for the purpose of transacting a cocaine business. He stated that he had purchased the telephone for his employment with Chem-Lawn since he worked out of town a lot and the company did not have two-way radios with which to contact him. The defendant admitted, however, that the phone was in his personal car and that he used a company-owned truck while working. He also stated that the present telephone bill was over $900. He denied that the piece of paper listing telephone numbers and dollar amounts was his.

Finally, the defendant testified that he had not received notice of the forfeiture complaint in the mail. He believed the postal service had the certified notice in its office, but stated that he had never gone to sign for it.

The defendant's mother, Wilhemina Clay, testified that she had $22,000 in cash hidden in her home. She stated that she had received this money from an insurance claim and an inheritance from an aunt. The money was kept in $50 and $100 denominations. She also stated that she had given the defendant the authority to send $5,000 to her son in Florida.

Finally, Officer Harrison A. Smith testified that he had dated Wilhemina Clay and knew she kept a large amount of money in her home. He stated that the money had come from an insurance claim and an inheritance.

Thereafter, the trial court denied the complaints for forfeiture. Regarding the Toyota, the court held that the State had failed to show that notice of the forfeiture proceeding had been sent by certified mail to the defendant. The court added that had this requirement been met it would have granted the State's complaint. With respect to the $14,705, cellular telephone, and attachments, the court held that the State had failed to prove by a preponderance of the evidence that the items had anything to do with the defendant's possession of a controlled substance.

On appeal, the State first argues that the trial court erred in de-

nying forfeiture of the Toyota. Specifically, it contends that the notice requirement of section 36—1 of the Criminal Code of 1961 (Ill. Rev. Stat. 1989, ch. 38, par. 36—1) was met. In the alternative, it argues that the defendant waived this issue.

■■ ■ Section 36—1 sets forth the method of notice and requires that a copy of the notice be sent by certified mail. (Ill. Rev. Stat. 1989, ch. 38, par. 36—1.) In the case at hand, the trial court found that the State failed to prove that notice had been sent by certified mail to the defendant. The record reveals, however, that the State did attempt to notify the defendant by certified mail. The defendant ad-, mitted that he believed the post office was holding a piece of certified mail for him.

Furthermore, even if the State did not prove the notice requirement, we would nonetheless find that the trial court erred in requiring such proof under the circumstances of this case. Statutes imposing certain technical requirements for notice may not be strictly enforced if the party seeking enforcement had actual notice and cannot show prejudice as a result of the opposing party's failure to comply with the technical requirements. (*Prairie Vista, Inc. v. Central Illinois Light Co.* (1976), 37 Ill. App. 3d 909, 346 N.E.2d 72.) Here, the record shows that complaints for forfeiture were served upon the defendant by mail and that the defendant filed a certified answer to each complaint. The record further reveals that notice of the hearing was served upon the defendant and his attorney, and on the day of the hearing, the defendant, along with counsel, appeared and actively defended himself against the complaints. It is obvious from the facts in this case that the defendant had actual notice and that he sustained no prejudice from the possible lack of notice by certified mail. Thus, we find that the trial court erred in denying the State's complaint for forfeiture of the defendant's Toyota.

■■ The State next argues that the trial court erred in denying forfeiture of the $14,705. We disagree and note that forfeiture of the money and telephone was sought pursuant to the Illinois Controlled Substances Act (Ill. Rev. Stat. 1989, ch. 56½, par. 1501 *et seq.*). That act provides in part that all money found in close proximity to forfeitable substances is rebuttably presumed to be forfeitable under the Act and the burden of proof is upon the claimant of the property to rebut this presumption. Ill. Rev. Stat. 1989, ch. 56½, par. 1505(a)(5).

Since a forfeiture proceeding is civil in nature, once the defendant rebuts the presumption, the State need only prove by a preponderance of the evidence its right to have the property forfeited. (See *People ex rel. Power v. One 1979 Chevrolet Camaro* (1981), 96 Ill. App.

3d 109, 420 N.E.2d 770.) On review, an appellate court will not reverse a trial court's order regarding forfeiture unless the ruling is against the manifest weight of the evidence. *People v. Strong* (1986), 151 Ill. App. 3d 28, 502 N.E.2d 744.

In the case at hand, the trial court held that the defendant rebutted the presumption regarding the money. The record shows that the defense presented a believable and logical explanation as to the source of the money and its owner. Two witnesses testified that the money belonged to the defendant's mother and that it was only in the defendant's possession for transference purposes. Consistent testimony was also given regarding the source of the money and that the defendant's mother kept the cash in her home. Based on this testimony, we cannot say that the trial court's ruling in this matter was against the manifest weight of the evidence.

The State's final contention on appeal is that the trial court erred in denying forfeiture of the cellular telephone and its attachments. We agree. While the trial court found that the defendant rebutted the presumption that these items were forfeitable, the record does not support that finding. When seized, these items were covered with a white powdery substance similar to a substance containing cocaine. Further, a piece of paper with telephone numbers and dollar amounts written on it was found in the defendant's home. The record also showed that the defendant had a telephone bill for the cellular telephone of over $900.

Additionally, the record reveals that the defendant's explanation for purchasing the telephone was unbelievable. He stated that he had purchased the telephone for work purposes since he worked out of town a lot and the company had no way to reach him. However, the defendant installed the telephone in his personal car, but admitted that he used a company truck for work. Under these circumstances, we find the trial court's ruling was against the manifest weight of the evidence.

Accordingly, the judgment of the circuit court of Rock Island County is affirmed in part and reversed in part, and the cause is remanded for further proceedings consistent with our findings.

Affirmed in part; reversed and remanded in part.

GORMAN, J., concurs.

PRESIDING JUSTICE HEIPLE, concurring in part and dissenting in part:
Following the arrest of defendant, Wayland Clay, Jr., two com-

plaints for forfeiture of property were filed against items allegedly owned by defendant. One complaint was filed against a 1984 Toyota Supra automobile and the other against $14,705, a cellular telephone, an Archer adapter, and a cellular phone. The complaints were eventually consolidated. A hearing was held on November 8, 1989, at which time testimony of various police officers, defendant's mother and defendant was heard. Following the hearing, the trial court denied the forfeitures. The State appeals.

The majority reverses the decision of the trial court with respect to forfeiture of the 1984 Toyota Supra, finding that defendant did have actual notice of the forfeiture proceedings and did not sustain any prejudice as a result of the possible lack of notice by certified mail. The majority also reversed the trial court's denial of forfeiture of the cellular telephone and its attachments, determining that the record does not support the trial court's decision. The record contains adequate illustration that defendant did not overcome the presumption that the items were forfeitable. I am in agreement with the majority regarding reversal of the trial court on these two issues. However, the majority affirms the trial court's denial of forfeiture of the $14,705, stating that the record supports a determination that defendant adequately rebutted the presumption that the money, found in close proximity to other forfeitable substances, is forfeitable. On this issue, I dissent.

The record of the forfeiture hearing includes the testimony of defendant wherein he stated that on May 2, 1989, his mother requested that he take money from the family residence, wire $5,000 to his brother, and send some to her in Oklahoma. Defendant testified that he took "half" of the estimated $22,000 in the house. Defendant also stated that the money was in denominations of $50 and $100 bills when he took it from the house and when it was counted at the police station. Defendant's mother, Wilhemina Clay, testified that she kept a large amount of money, $22,000, in a little black pouch in her residence in $50 and $100 bills. She stated that she had counted the money before she left for Oklahoma on May 2, 1989. She also testified that she contacted defendant from Oklahoma and asked him to wire $5,000 of the money to his brother in Florida. She did not state that she requested defendant send her any money, but she did state that defendant was not authorized to take more than $5,000 from the pouch.

Officer Richard Fristoe testified that he executed the arrest of defendant on May 2, 1990, and found $14,705 and some Joker rolling papers in a black pouch in defendant's car. The pouch was covered

with a powder-like substance later identified as cocaine. Fristoe testified that he counted the currency twice and noted the money was in a variety of denominations, predominately $10 and $20 bills with a few $50 and $100 bills. Lieutenant Larry Lawrence testified that he was present with Fristoe and defendant in the booking room on May 2, 1989. He stated that he witnessed Fristoe counting the money and he noted "some 100's, 50's, 20's and 10's," estimating mostly 10's and 20's. Both Lawrence and Fristoe testified that the money was placed into a temporary evidence locker and the evidence technician was instructed to transfer it to the city evidence account in a bank.

A forfeiture action is a civil *in rem* proceeding against the item used or connected with the commission of a crime. (*People v. Dugan* (1985), 109 Ill. 2d 8.) Since the forfeiture proceeding is civil in nature, the State need only prove by a preponderance of the evidence its right to have the property forfeited. (*People ex rel. Power v. One 1979 Chevrolet Camero* (1981), 96 Ill. App. 3d 109.) Although money is inherently legal and not contraband *per se*, because it is an integral part of drug offenses, it is an item subject to forfeiture as long as it is shown to have been unlawfully used or a rational relationship to an unlawful purpose is established. (*People v. Snyder* (1977), 52 Ill. App. 3d 612.) The evidence presented at the November 8, 1989, hearing was sufficient to establish by a preponderance of the evidence a nexus between the cash and the illegal substance to raise a statutory presumption that the money was forfeitable. (Ill. Rev. Stat. 1987, ch. 56½, par. 1505(a)(5).) Defendant subsequently failed to rebut said presumption.

The evidence contained in the record establishes that Officer Fristoe found cocaine residue on the black pouch. Inside the pouch he found rolling papers along with a large sum of money in small bills, including $10 and $20 bills. Defendant's testimony that the money belonged to his mother was insufficient to rebut the presumption. Defendant's mother had no $10 and $20 bills among the money she kept at the residence. If the money's origin was defendant's mother's personal fund, then at some point the money was converted by defendant as evidenced by the change in denominations of the bills. The record does not support the trial court's determination that defendant rebutted the presumption that the cellular telephone and equipment were forfeitable. The majority points out that these items were covered with the same powdery white substance that covered the black pouch and characterizes defendant's explanation for purchasing the telephone as "unbelievable." Defendant's lack of credibility as to the telephone should apply similarly to the money. The car,

the cellular telephone and the $14,705 were all found with defendant in the course of a drug-related offense. Defendant was later convicted of said offense, and the car, phone, and money are similarly forfeitable. Any other determination is inexplicably inconsistent. The trial court's determination that the statutory presumption was rebutted with respect to the money is contrary to the manifest weight of the evidence.

Accordingly, I concur in part and dissent in part.